# In the United States Court of Federal Claims

No. 18-1902 C
(Filed: December 20, 2023)

```
* * * * * * * * * * * * * * * * *  *
                                    *
CARL ROBERT CARSON, JR.,            *
                                    *
                 Plaintiff,         *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
                 Defendant.         *
                                    *
* * * * * * * * * * * * * * * * *  *
```

*Roger J. Marzulla*, with whom were *Nancie G. Marzulla* and *Cindy Lopez*, Marzulla Law LLC, all of Washington, D.C., for Plaintiffs, and *Ira M. Lechner*, of counsel.

*Joseph Alan Pixley*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant, and *Kendall Rocio*, Staff Attorney, Department of Veterans Affairs Office of General Counsel, of Washington, D.C., of counsel.

## OPINION AND ORDER

**SOMERS**, Judge.

In this back pay case, Plaintiff, Carl. R. Carson, Jr., moves for class certification, for appointment as class representative, and for the appointment of Marzulla Law, LLC as class counsel. The government opposed Plaintiff's definition of the class. *See* ECF No. 66 at 1. However, Plaintiff's reply appears to have resolved the definitional issue. *See* ECF No. 67. Moreover, this revised proposed definition aligns with the definition of the class from Plaintiff's complaint. ECF No. 1 ¶ 1. As discussed below, Plaintiff has met the requirements of Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC") for class certification. Accordingly, the Court grants Plaintiff's motion.

## BACKGROUND

The Court's liability opinion provides a full background of this litigation. *See Carson v. United States*, 161 Fed. Cl. 696 (2022). As such, this opinion outlines only the key facts relevant to class certification.

In December 2018, Plaintiff filed suit on behalf of himself and all other similarly situated Department of Veterans Affairs ("VA") supervisory police officers who did not receive weekend premium pay for work they performed between January 11, 2004, and July 13, 2014. ECF No. 1 at 1. On September 9, 2022, the Court denied the government's motion to dismiss and granted the Plaintiff's motion for partial summary judgment. *Carson*, 161 Fed. Cl. at 711. In granting Plaintiff's motion, the Court found the government liable for back pay for the period from January 11, 2004, through July 13, 2014. *Id.* Thereafter, the parties endeavored to resolve the claims at issue without the need for class certification. Those efforts did not result in resolution, and, on July 31, 2023, Plaintiff moved to certify a class of "all GS-0083-005 Veterans' Affairs police officers who (1) were employed by the Department of Veteran's Affairs (VA) for any period of time between January 11, 2004[,] and July 13, 2014, (2) worked any weekend shift between January 11, 2004[,] and July 13, 2014[,] and (3) were not paid weekend premium pay for those shifts." ECF No. 65 at 1.[1]

The government opposed this class definition because it did not contain the word "supervisory." ECF No. 66 at 1. According to the government, the thrust of Plaintiff's claim rested on the distinction that he, and others, were *supervisory* police officers. *See id.* at 2. As such, the government argued the requested class certification of "VA 'police officers' is overbroad and exceeds the scope of [the complaint, which limits] the putative class to current and former VA 'supervisory police officers.'" *Id.* at 1 (emphasis omitted). The government argued that Plaintiff is unable to meet the prongs of commonality and typicality required for class certification without the addition of the word "supervisory." *Id.* at 7–8. This is because non-supervisory police officers received back pay for the relevant time period while supervisory police officers did not. *Id.* at 7. Plaintiff agreed to add the word "supervisory" to the class definition in his reply brief. ECF No. 67 at 1. As refined, Plaintiff's proposed class is now comprised of any individual:

> [who was] employed by the VA as a GS-0083-005 VA supervisory police officer at any time between January 11, 2004[,] and July 13, 20[1]4; [who] worked one or more weekend shifts between January 11, 2004[,] and July 13, 20[1]4; [who] did not receive premium weekend pay for these shifts; and [whose] name appears on Exhibit 1.[2]

*Id.*

---

[1] At various points in the motion, the definition of the class switches from the time period of January 11, 2004, through July 13, 2014, to the time period of January 11, 2004, through July 13, 2004. This obviously appears to be a typographical error but one the Court expects counsel not to repeat in future filings in this case because the time period here is critical to the proper definition of the class.

[2] As noted directly above, the proper end date for the class definition is July 13, 2014, not July 13, 2004.

## DISCUSSION

### A. Legal Standard

Pursuant to RCFC 23, the Court may certify a class in a case in which:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

RCFC 23(a).  Before certifying a class, the Court must also find that "the United States has acted or refused to act on grounds generally applicable to the class; [and] that questions of law or fact common to the class members predominate over any question affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  RCFC 23(b).  These requirements are often simplified to: 1) numerosity; 2) commonality; 3) typicality; 4) adequacy; and 5) superiority.  *Mercier v. United States*, 138 Fed. Cl. 265, 270 (2018) (citing cases).  The plaintiff bears the burden of establishing all elements by a preponderance of the evidence; the failure to establish a single element precludes class certification.  *See Common Ground Healthcare Coop. v. United States*, 137 Fed. Cl. 630, 637 (2018) (citing cases).

### B. Analysis

Plaintiff moves to certify a class, with himself as class representative.  Plaintiff proposes that the Court certify a class comprised of as any individual:

- who was employed by the VA as a GS-0083-005 VA supervisory police officer at any time between January 11, 2004, and July 13, 2014;
- worked one or more weekend shifts between January 11, 2004, and July 13, 2014;
- did not receive premium weekend pay for these shifts; and
- whose name appears on Exhibit 1.

ECF. No. 67 at 1 (cleaned up).  Additionally, Plaintiff asks the Court to appoint Roger J. Marzulla and Ira M. Lechner as class counsel.  ECF No. 65 at 1.  As mentioned above, the government opposed class certification because the original, proposed definition did not include the word "supervisory" and "the putative class should be limited to 'supervisory police officers,' as alleged in the complaint."  ECF No. 66 at 1, 7.  Plaintiff's revised, proposed class definition resolves this issue.  Thus, the question before the Court is whether the putative class, as now properly defined, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements.  The Court will address each requirement in turn.

### 1. The Proposed Class Meets the Numerosity Requirement

To receive class certification, a plaintiff must show that "the class is so numerous that joinder of all members is impracticable." RCFC 23(a)(1). Impracticability is assessed through consideration of "the number of potential class members, the geographic dispersal of the potential class members, and the size of each potential class member's claim." *Common Ground Healthcare Coop.*, 137 Fed. Cl. at 638. Although, "[n]umerosity as a criterion is somewhat of an anomaly for an opt-in class action" in which "each participating member of the class must act affirmatively to participate, which amounts to joinder in pragmatic terms," *Haggart v. United States*, 89 Fed. Cl. 523, 530 (2009), as Judge Solomson has observed, "[e]ven where a theoretical group of plaintiffs can practically use joinder to pursue litigation together, such a proceeding may not be superior to a class action proceeding." *Oztimurlenk v. United States*, 162 Fed. Cl. 658, 694 (2022). Thus, the Court continues to apply the numerosity requirement despite the fact that joinder is not technically impracticable in any opt-in class action. As long as the potential number of members of the opt-in class is high, the numerosity requirement still ensures that the purpose of class action litigation is served:

> The purpose of class action litigation is to avoid repeated litigation of the same issue and to facilitate prosecution of claims that any one individual might not otherwise bring on her own. The [trial] court's task . . . [is] to determine if the plaintiffs . . . presented a scenario in which judicial efficiency would be served by allowing their claims to proceed en masse through the medium of a class action rather than through individual litigation.

*Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015).

With regard to numerosity, although the number of members in the class is the most important factor, *Common Ground Healthcare Coop.*, 137 Fed. Cl. at 638, there is no hard and fast rule for the minimum number of class members to satisfy this requirement. Indeed, the numerosity requirement has been found to be satisfied for classes with as few as 23 individuals. *See Electrical Welfare Trust Fund v. United States*, 160 Fed. Cl. 462, 467 (2022) (citing *Brown v. United States*, 126 Fed. Cl. 571, 578 n.3 (2016)). Here, the proposed class encompasses 1,241 potential class members. *See* ECF No. 65 at 5. Moreover, the government did not challenge this element in their motion. Therefore, this proposed class satisfies the numerosity requirement.

### 2. Questions of Law and Fact are Common to the Proposed Class

The second requirement for class certification under RCFC 23, "commonality," is comprised of three interrelated elements. For commonality to exist there must be "questions of law or fact common to the class," those questions must "predominate over any questions affecting only individual members," and the "United States [must have] acted or refused to act on grounds generally applicable to the class." *Electrical Welfare Trust Fund*, 160 Fed. Cl. at 468 (citations omitted).

All three elements are present in this case.  First, the claims of the members of the proposed class share common questions of law and fact.  The common question of law is whether the VA is liable to supervisory police officers for premium weekend pay from January 11, 2004, until July 13, 2014.  As all members of the proposed class are supervisory police officers who worked weekend shifts between January 11, 2004, and July 13, 2014, and did not receive weekend premium pay, this question of law, which the Court has already answered, *see Carson*, 161 Fed. Cl. at 709, 711, applies to all class members equally.  The common question of fact that remains to be resolved is a question of arithmetic (multiplying hours of uncompensated premium pay by a multiplier) that also applies equally to all members of the proposed class.  Second, these common issues of law and fact predominate over any questions affecting individual members.  Although the Court is not aware of any factual variation between the class members and the government did not raise any argument on this issue, factual variation amongst class members is permissible "as long as a common nucleus of operative fact[s] exist."  *See Curry v. United States*, 81 Fed. Cl. 328, 334 (2008) (internal quotations omitted) (citations omitted).  Clearly, at this point in the litigation, the predominate operative fact is the amount of backpay owed to each class member, and the answer to this question for each class member shares a "common nucleus of operative facts."  Third, as resolved in the Court's liability opinion, the government acted on grounds applicable to the entire class by not paying them the required back pay.  *See generally Carson*, 161 Fed. Cl. 696.  Thus, the proposed class satisfies the commonality element under RCFC 23.

### 3.  Plaintiff's Claim is Typical of the Class's Claims

RCFC 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class."  Typicality does not require an exact match so long as the named representative's claim shares the same essential characteristics as the claims of the class at large.  *See Fisher v. United States*, 69 Fed. Cl. 193, 200 (2006).

The Court is satisfied that Plaintiff's claim for back pay is typical of the other GS-0083-005 VA supervisory police officers' claims for back pay.  The government challenged the typicality element because the original, proposed class definition used the description "police officers" not "*supervisory* police officers."  ECF No. 66 at 7–8.  The government is correct that Mr. Carson would not meet this element if he sought to certify a class of *all* VA police officers.  This is because non-supervisory police officers, as opposed to supervisory police officers, did receive retroactive weekend premium pay.  *Id.*   However, in his complaint, Plaintiff made clear that the proposed class was "present and former 'supervisory' employees of the Veterans Health Administration of the Department of Veterans Affairs."  ECF No. 1 ¶ 1.  Moreover, in Plaintiff's reply, he agreed to add the term "supervisory" to the definition to clear up any confusion.  ECF No. 67. With the confusion regarding the class definition resolved, it is clear that Plaintiff's claim for back-pay satisfies the typicality requirement.  All members of the proposed class were supervisory police officers, all worked weekend shifts during the time period, and all were not paid the requisite premium pay by the government.

### 4. Plaintiff and Proposed Class Counsel Will Fairly and Adequately Represent the Class.

Under RCFC 23(a)(4), the Court must determine that the "representative parties will fairly and adequately protect the interests of the class." This adequacy determination encompasses two components: "whether proposed class counsel is qualified and capable of representing the class and whether conflicts exist between the putative class representatives and the remaining class members." *In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 157 Fed. Cl. 189, 200 (2021).

The Court is satisfied that both the class representative and class counsel are adequate. It is uncontested that Mr. Carson has no antagonistic interest toward any potential class member. Instead, Mr. Carson and the other class members seek the same goal. That goal is ensuring the government pay VA supervisory police officers the retroactive premium pay to which they are entitled. *See generally* ECF No. 1. As such, Mr. Carson will be an adequate representative of the class.

Before appointing class counsel, the Court must consider the work done by the counsel in investigating the claim, counsel's class action experience, counsel's knowledge of applicable law, and the available resources that counsel will commit to representing the class. RCFC 23(g)(1)(A). From the outset of the case, Mr. Marzulla has advocated for both Mr. Carson and the proposed class. ECF No. 65 at 13. Additionally, Mr. Marzulla, a former assistant attorney general in charge of a division of the Justice Department that regularly litigates before this Court, has represented clients before this Court on numerous occasions, including in other class actions. *Id.* at 14 n.56. Finally, Mr. Marzulla is assisted by Ira Lechner, an experienced attorney in back-pay matters. *Id.* at 14. Thus, the Court is satisfied with the adequacy of the representative parties, and the government did not raise an issue regarding this element.

### 5. Superiority

The final requirement demands that Plaintiff show that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." RFCF 23(b)(3). In general, a plaintiff meets this burden by demonstrating that a class action "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (ellipses omitted) (quoting Fed. R. Civ. P. 23, Advisory Committee Note (1966 Amendment)). In making the superiority determination, factors the Court considers include (1) whether class members have an interest in individually controlling separate actions, (2) whether class members have begun other litigation, and (3) whether there are likely difficulties in managing the class action. *See* RFCF 23(b)(3). This results in the Court conducting what is "[e]ssentially . . . a cost/benefit analysis, weighing any potential problems with the manageability or fairness of a class action against the benefits to the system and the individual members likely to be derived from maintaining such an action." *Barnes v. United States*, 68 Fed. Cl. 492, 499 (2005).

As the government's liability has already been established, *see Carson*, 161 Fed. Cl. at 711, proceeding via a class action, rather than potentially thousands of individual suits presenting the same question of law and similar questions of fact, best serves judicial economy. Additionally, the government has already provided the list of all potential opt-in class members. *See* ECF No. 65 Ex. 1.  Furthermore, the parties have not pointed to any management difficulties of this class action, and the Court foresees no potential issues particular to this case.  The Court concludes that a class action is a superior method of adjudication of the proposed class members' claims due to both the potential benefits and lack of added costs.  Accordingly, this proposed class meets all the elements required for class certification.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for class certification is **GRANTED**. The Court **CERTIFIES** the following class pursuant to RCFC 23:

> Any person employed by the VA as a GS-0083-005 VA supervisory police office at any time between January 11, 2004, and July 13, 2014:
>
> 1. who worked one or more weekend shifts between January 11, 2004, and July 13, 2014;
>
> 2. who did not receive premium weekend pay for at least one of these shifts; and
>
> 3. whose name appears on Exhibit 1.  *See* ECF No. 65 Ex. 1.

Furthermore, the Court **DESIGNATES** Carl Robert Carson, Jr., as class representative and **APPOINTS** Roger Marzulla and Ira Lechner as class counsel.

In addition, no later than **January 19, 2024**, Plaintiff shall file a motion seeking the Court's approval of a proposed notice to prospective class members complying with RCFC 23(c)(2)(B).  Plaintiff shall include in his filing: the proposed notice, the proposed opt-in notice form, the proposed plan for the distribution of the notice, the proposed opt-in period, including the date by which potential members must opt-in, and the proposed specific method by which the notice will be provided.  Plaintiff shall also indicate whether the government consents to the motion.  If not, the government shall file a response no later than **February 9, 2024**, and Plaintiff shall file a reply to any such response by **February 19, 2024**.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
