# In the United States Court of Federal Claims

No. 18-1902 C
(Filed: August 18, 2026)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * *
**CARL ROBERT CARSON, JR., *et al.*,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant.
* * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

Before the Court in this back-pay case is the parties' joint motion to approve their settlement agreement pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs in this class action are Department of Veterans Affairs ("VA") supervisory police officers who did not receive weekend premium pay for work they performed between January 11, 2004, and July 13, 2014. ECF No. 65 at 1. On February 20, 2026, the parties filed a joint motion requesting that the Court "preliminarily approve the Settlement Agreement, approve the posting of the proposed notice of the Settlement Agreement to the class members on the website maintained for this class action by the Class Administrator, and [] set a Fairness Hearing at the court's earliest convenience pursuant to the agreement of the parties." ECF No. 110 at 2. On April 2, 2026, the Court preliminarily approved the parties' proposed settlement, and notice thereof, and scheduled a fairness hearing for June 24, 2026. ECF No. 111. At the fairness hearing, the parties discussed their negotiated settlement agreement, and the Court assessed whether to approve it. For the reasons discussed below, the Court grants final approval of the settlement agreement negotiated by the parties.

## BACKGROUND

The Court's merits opinion gives a full account of the facts of this case. *See Carson v. United States*, 161 Fed. Cl. 696 (2022). As such, the following represents only those facts relevant to the settlement agreement at issue. On December 11, 2018, then-putative class representative Carson commenced this action, alleging that "[b]etween January 11, 2004 and July 13, 2014, the VA failed to pay weekend premium pay to at least 1,241 . . . GS-0083-05

police officers in violation of the Veterans Health Care, Capital Asset, and Business Improvement Act of 2003." ECF No. 65 at 1; *see generally* ECF No. 1. On April 30, 2021, Carson moved for partial summary judgment, *see generally* ECF No. 34; on June 15, 2021, the government cross-moved for partial summary judgment and to partially dismiss, *see generally* ECF No. 37. The Court granted Carson's motion and denied the government's motions on September 9, 2022, finding the government liable for back pay for the period from January 11, 2004, through July 13, 2014. *Carson*, 161 Fed. Cl. at 699, 711. Thereafter, the parties sought to resolve the claims at issue without class certification, but their efforts were unavailing. Accordingly, on July 31, 2023, Carson moved to certify a class of "all GS-0083-005 Veterans' Affairs police officers who (1) were employed by the [VA] for any period of time between January 11, 2004[,] and July 13, 2014, (2) worked any weekend shift between January 11, 2004[,] and July 13, 2014, and (3) were not paid weekend premium pay for those shifts." ECF No. 65 at 1.

On December 20, 2023, the Court certified the class as defined above. *Carson v. United States*, No. 18-1902, 2023 WL 8812926, at *5 (Fed. Cl. Dec. 20, 2023). On June 6, 2024, the Court entered an order appointing a class administrator and approving Plaintiffs' proposed notice to inform prospective class members of their opportunity to opt in to the class. *See* ECF No. 78. On January 24, 2025, at the close of the opt-in period, Plaintiffs filed a notice with the Court of a list of class members who had opted in. *See* ECF No. 83. Following a brief reopening of the opt-in period, the parties filed a joint status report on May 1, 2025, advising the Court that the opt-in process was complete and that settlement negotiations were underway. *See* ECF No. 88. On February 20, 2026, the parties jointly moved for preliminary approval of their settlement agreement. *See* ECF No. 110. The Court granted the motion and scheduled a fairness hearing to consider final approval of the settlement. *See* ECF No. 111. The Court held the fairness hearing on June 24, 2026, and sets forth its findings below.

## DISCUSSION

### A. Legal Standard

The approval of settlement agreements in certified class actions is governed by RCFC 23(e). RCFC 23(e) provides that "[t]he claims . . . of a certified class . . . may be settled . . . only with the court's approval," and it also prescribes the requirements that must be satisfied for approval. Specifically, RCFC 23(e)(2) provides that:

> If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under RCFC 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

RCFC 23(e)(2)(A)–(D).

**B. Analysis**

In light of the aforementioned legal standards, the factual record, and counsels' representations during the fairness hearing held on June 24, 2026, the Court concludes that the proposed settlement is "fair, reasonable, and adequate." *Id.*

**1. Fair Notice Was Provided to the Class Members.**

As an initial matter, the Court finds that fair notice of the terms of the settlement agreement was provided to all class members. RCFC 23(e)(1)(B) provides that the Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." In accordance with this rule, the Court directed that "the class administrator . . . disseminate notice online via the class website to all class members" on or before April 16, 2026. ECF No. 111 at 2. The notice informed class members of their right to object to the proposed settlement, ECF No. 110-3 at 1, and, consistent with the schedule set by the Court, that a fairness hearing would be held on June 24, 2026, to determine whether the settlement agreement should be approved, ECF No. 111 at 2. During the fairness hearing, counsel for Plaintiffs represented that he had no reason to believe that any class members were unaware of the proposed settlement agreement or not fully informed of its terms and that, after receiving notice of the proposed settlement, no class member expressed an interest in attending the fairness hearing. *See generally* Fairness Hr'g Tr. Accordingly, based on counsel's representations, the Court concludes that class members received fair notice of the terms of the proposed settlement.

**2. The Settlement Agreement Is Procedurally Fair.**

The Court similarly finds that the settlement agreement reached in this case is procedurally fair. Procedural fairness requires that the settlement "resulted from 'arms-length negotiations and [that] plaintiffs' counsel [] possessed the experience and ability, and [] engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval v. United States*, 140 Fed. Cl. 133, 139 (2018) (quoting *Christensen v. United States*, 65 Fed. Cl. 625, 629 (2005)). In their jointly proposed order granting preliminary approval of the settlement, the parties represented that the agreement indeed met these standards, and the record supports those representations. *See* ECF No. 110-2 at 2. The parties engaged in settlement negotiations for more than nine months, beginning no later than May 2025 and continuing until February 2026, when the parties informed the Court that their proposed settlement recommendation had been

approved by an authorized representative of the Attorney General. *See generally* ECF Nos. 88, 90, 94, 96, 98, 104, 106, 108 (joint status reports apprising the Court of the parties' progress toward settlement). Counsel for both parties litigated the merits of this case through the Court's decision finding the government liable for back pay. *See Carson*, 161 Fed. Cl. at 699 (listing current counsel for the parties as counsel of record). Current counsel also represented the parties during the majority of fact discovery, which began in 2020 and continued until February 2021. *See* ECF No. 15 (notice of appearance of current government counsel on June 21, 2019); ECF No. 19 (setting May 5, 2020, as the initial deadline for completion of fact discovery); ECF No. 22 (substituting current Plaintiffs' counsel on May 8, 2020); ECF No. 29 (extending fact discovery through February 3, 2021). The factual record also demonstrates that class counsel adequately represented the interests of the class throughout this litigation, as evidenced by the proposed settlement notice's detailed explanation of how the aggregate settlement was calculated and its advisement of class members' right to object. *See generally* ECF No. 110-1.

Thus, based on the duration and documented history of the parties' negotiations, together with counsel's substantial involvement in discovery and the merits litigation, the Court is satisfied that the proposed settlement resulted from "arms-length negotiations" and that Plaintiffs' counsel "possessed the experience and ability, and [] engaged in the discovery[] necessary" to effectively represent the class's interests. *Courval*, 140 Fed. Cl. at 139 (quoting *Christensen*, 65 Fed. Cl. at 629).

### 3. The Settlement Agreement is Substantively Fair.

The Court also concludes that the terms of the settlement agreement are substantively fair. Substantive fairness requires the Court to "consider the balance of the likely costs and rewards of further litigation." *Id.* at 140. In their joint motion for preliminary approval of the proposed settlement agreement, counsel for the parties contend that the prior "Opinion and Orders of this Court support the fairness of the proposed settlement." ECF No. 110 at 7. Specifically, the Court previously held that "the 2014 HRML and 2017 Handbook were binding and money-mandating and rejected [the government's] reliance on the 2018 bulletin to exclude GS supervisors." *Id.*; *see also Carson*, 161 Fed. Cl. at 709, 711. The Court also already determined that common questions predominate and that a class action is superior to individual litigation of these claims. *Carson*, 2023 WL 8812926, at *3, *5. Against this backdrop, the proposed settlement provides qualified claimants with one hundred percent of their unpaid back pay plus interest, subject only to applicable tax withholdings, attorneys' fees, class administration costs, and other litigation costs. ECF No. 110 at 3–5. Moreover, counsel for both parties represented to the Court during the fairness hearing that they believe the proposed settlement is fair, reasonable, and adequate. *See generally* Fairness Hr'g Tr. Accordingly, the Court concludes that the terms of the settlement agreement are substantively fair.

## CONCLUSION

For the foregoing reasons, the Court **APPROVES** the settlement agreement. Unless the parties have already stipulated to dismissal, **on or before October 1, 2026**, the parties **SHALL** file a joint status report updating the Court on the status of execution of the settlement.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge